Megan JAMES, Petitioner—Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 07–74474.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

504

---

Megan James, Las Vegas, NV, pro se.

Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Donald L. Korb, Esquire, Acting Chief Counsel, Richard Morrison, Esquire, John A. Nolet, Richard Farber, Esquire, Supervisory, DOJ–U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Megan James appeals pro se the Tax Court's grant of summary judgment in her action challenging a lien placed on her property for the collection of taxes she owed for 2003 and 2004. James contends that the Tax Court erred in ruling that she did not qualify for innocent spouse relief under 26 U.S.C. § 6015 because she did not file joint returns for 2003 and 2004. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm.

We review de novo the Tax Court's decision whether the Commissioner abused his discretion in denying innocent spouse relief. *See Fargo v. Commissioner,* 447 F.3d 706, 709 (9th Cir.2006).

■ For the 2003 tax year, James and her husband filed a 1040 form altered so that it did not state that it was signed under penalty of perjury. She later filed a second 1040 form on which she checked the box marked "Married filing separate-ly." For 2004, James filed a separate, altered return.

James contends that the Tax Court erred in concluding that altered 1040 form filed by her and her husband was not a valid joint return. This contention is foreclosed by 26 U.S.C. § 6065, which requires that returns be signed under penalty of perjury.

James also contends that she filed the separate returns only under duress. The invalidity of James's separate returns would not establish the validity of the joint return. Accordingly, the Tax Court did not err in concluding that James failed to qualify for innocent spouse relief. *See* 26 U.S.C. § 6015(b)(1)(A); *Ordlock v. Commissioner,* 533 F.3d 1136, 1139 (9th Cir. 2008).

■ Finally, James contends that she is not liable for taxes because Form 1040 does not comply with the Paperwork Reduction Act. The public protection provision of the Act, 44 U.S.C. § 3512, is not a defense to the failure to pay taxes. *See United States v. Hicks,* 947 F.2d 1356, 1359–60 (9th Cir.1991).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.